UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAMES DAVID DUNCAN, | ) | |
| | ) | Case No. 1:21-cv-161 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| VINCE VANTELL,[1] | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

The Court is in receipt of a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which Petitioner, a prisoner of the Tennessee Department of Correction ("TDOC") housed in the Whiteville Correctional Facility ("WCF"), seeks habeas corpus relief from what he alleges is an incorrect classification by TDOC and an incorrect sentencing range for an unspecified conviction (Doc. 2). For the reasons set forth below, Petitioner's claim regarding his incorrect sentencing range will be **DISMISSED** and the remainder of this action will be **TRANSFERRED** to the Eastern Division of the United States District Court for the Western District of Tennessee.

---

[1] Petitioner named the "Tennessee Department of Corrections [sic]" as Respondent (Doc. 2, at 1). However, Whiteville Correctional Facility Warden Vincent Vantell is the correct Respondent herein. Rule 2(a) of the Rules Governing 2254 Cases. Accordingly, the Clerk will be **DIRECTED** to update the named Respondent herein to Vince Vantell.

First, Petitioner states in his petition that he seeks an order from this Court that "would drop [his] sentence range back to the correct sentence range of Range 1 (one)" and that he attached all documents related to his efforts to obtain relief for his claims to his petition. (*Id.* at 3.) However, to the extent that Petitioner seeks to obtain relief under § 2254 for his incorrect sentence range claim, none of the documents attached to the petition indicates that Petitioner attempted to obtain relief for any such sentencing error with the state courts, which he must do prior to seeking habeas corpus relief from this Court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A district court can and must raise the issue of a petitioner's lack of exhaustion of habeas corpus claims *sua sponte* when it clearly appears that the petitioner has not presented such claims to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Thus, as it is apparent that Petitioner has not exhausted this claim, it will be **DISMISSED**.

The remainder of Petitioner's petition challenges TDOC's use of incorrect information to classify him (Doc. 2). However, to the extent this claim is cognizable, it falls under § 2241, and the Court must therefore transfer it to the district that has jurisdiction over Petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (holding that a § 2241 petition must be filed in the district having jurisdiction over the petitioner's custodian).

Accordingly, Petitioner's claim challenging his sentencing range will be **DISMISSED WITHOUT PREJUDICE**, and the Clerk will be **DIRECTED** to transfer this action to the Eastern Division of the United States District Court for the Western Division of Tennessee[2] and to close this Court's file.

---

[2] Petitioner is incarcerated in the WCF, which is in Hardeman County, Tennessee, which lies within the Eastern Division of the United States District Court for the Western District of Tennessee. 28 U.S.C. 123(c)(1). Notably, Petitioner appears to have recognized that this was

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**

---

the correct place for him to file his petition, as the caption on his petition indicates his intention to file his petition there (Doc. 2, at 1) and he included a letter with his petition stating that he could not obtain the address for the United States District Court for the Western District of Tennessee, and therefore filed his petition with this Court instead. (Doc. 3, at 1.)