!

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES DAVID DUNCAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-01106-STA-jay |
| ) | |
| VINCENT VANTELL ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING PETITIONER'S PENDING MOTIONS,
DISMISSING § 2241 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner James David Duncan, a Tennessee state prisoner, has filed a *pro se* habeas corpus petition (the Petition"), pursuant to 28 U.S.C. § 2241. (ECF No. 2.) The Petition is before the Court for preliminary review. *See Rules Governing Section 2254 Cases in the United States District Courts*, Rule 4; 28 U.S.C. § 2243. For the following reasons, the Petition is **DISMISSED**.[1]

Petitioner is currently serving an unspecified sentence for an unspecified crime. He originally presented two grounds for federal habeas relief pursuant to 28 U.S.C. § 2254, and he filed his pleading in the Eastern District of Tennessee. The claims challenged his security

---

[1] Also before the Court is Petitioner's August 25, 2021, motion for an extension of time to submit an *informa pauperis* application. (ECF No. 11.) Because Duncan ultimately paid the filing fee, the motion is **DENIED** as moot. Petitioner has also filed a document styled "Motion to Compel." (ECF No. 10.) He argues that that Respondent Vincent Vantell should be ordered to "show cause" why the Petition should not be granted. (*Id.*) Because the Petition is subject to dismissal for the reasons discussed herein, the motion is **DENIED**.

classification and his state sentence. On July 20, 2021, the Honorable Travis R. McDonough dismissed the sentencing claim. (ECF No. 5.) Regarding the security-classification claim, he found that "to the extent this claim is cognizable, it falls under § 2241, and the Court must therefore transfer it to the district that has jurisdiction over Petitioner's custodian." (*Id.* at 2 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).) The claim was transferred to this district on the same day.

In the sole remaining claim, Petitioner asserts that the Tennessee Department of Correction (the "TDOC") is using incorrect information about his prior convictions to place him in a high security classification. He alleges that the result of the assigned classification is that he cannot take advantage of opportunities he otherwise would have had to accrue "work and behavior credits." (ECF No. 2 at 2.) He maintains that the TDOC has violated his right to due process because these lost opportunities "ultimately affect[] his liberty interests"—presumably because the credits, if earned, would shorten the amount of time he would be incarcerated. (*Id.*) He asks the Court to "correct[]" his prison record and the "withheld work and behavior credits," and "re-class [him] to the correct security level."[2] (*Id.*)

Petitioner also alleges that he has "exhausted all available remedies" in an attempt to resolve the issue before proceeding in federal court. (*Id.* at 1.) In support, he attached as part of the Petition the following documents: an October 2020 "Inmate Inquiry" form that he submitted to an unspecified prison staff member asking, "Can you please correct the information that is false

---

[2] Petitioner's challenge to the security classification and the resulting loss of good-time credits is the gravamen of his claim. The Court agrees with Judge McDonough that the claim arises under § 2241. To the extent Petitioner also requests expungement or correction of information contained in the TDOC records, such a claim would arise under 42 U.S.C. § 1983. *See Johnson v. CCA-Ne. Ohio Corr. Ctr. Warden*, 21 F. App'x 330, 332 (6th Cir. 2001) (prisoner's "request[] that an allegedly false disciplinary report be expunged from his prison file" was in the nature of a claim under § 1983). The Court therefore dismisses that portion of the claim requesting correction of the record as failing to state a claim under § 2241 or § 2254.

2

on T.D.O.C. data-base," (*id.* at 11), a February 2021 letter from his attorney to the warden raising the issue of his alleged improper security classification and false information, (*id.* at 4), documents showing his prior offenses, (*id.* at 6-10), Duncan's April 2021 letter asking for his TDOC record to be corrected by the person who, he was told, "is the authorit[y] that enters information to the data-base for T.D.O.C.," (*id.* at 12), and a letter dated May 2021, from the "Detainer Administrator," responding to Duncan's "petition for declaratory order," (*id.* at 13).³ In the May letter, the Detainer Administrator informed Petitioner that he failed to "file[] an appeal" of the classification decision, as required by "TDOC policy # 401.08[.]" (*Id.* at 13). He also advised Duncan as to his next step: "[Y]ou will need to address your classification issue with this Department's Classification Director, who can more readily address your classification issue." (*Id.*)

Under § 2241, a writ of habeas corpus is available to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A state prisoner "may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which the sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits." *Murphy v. Dep't of Corr.*, No. 3:19-CV-00487, 2019 WL 4167343, at *1 (M.D. Tenn. Sept. 3, 2019) (citing *Ali v. Tenn. Bd. of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2005); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001)). *But see Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (noting that "there exists some question whether state prisoners may ever proceed under § 2241"). A state prisoner bringing a habeas claim under § 2241 must first exhaust his state remedies. *Collins v. Million*, 121 F. App'x 628, 630-31 (6th Cir. 2005).

---

³ Duncan has not indicated whether one of the documents he submitted to the Court is the "petition for declaratory order" referenced in the May 2021 letter.

3

The petitioner carries the burden of demonstrating exhaustion. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

The documents that Duncan himself has submitted do not demonstrate that he has exhausted his state remedies. The May 28, 2021 letter he received from the Detainer Administrator noted that he had not appealed his security classification through available channels.[4] Petitioner does not dispute that statement. And, although the Detainer Administrator advised him that he "will need to address [his] classification issue with this Department's Classification Director, who can more readily address [his] classification issue," (ECF No. 2 at 13), Duncan has failed to document or specifically allege that he took that step. Indeed, it is unlikely that had exhausted that avenue by the time he filed the Petition, which he submitted only six weeks after receiving the May letter. And although he mailed a letter to the Court on October 30, 2021, inquiring as to the status of the case (ECF Nos. 13 & 13-1), he does not indicate in that correspondence that he has taken, or is currently taking, any action through the classification appeals process or has otherwise contacted the Classification Director. Therefore, the Court finds that Petitioner has failed to demonstrate that he has exhausted his state remedies. The claim is thus subject to dismissal on this ground.

Even assuming, however, that Petitioner has exhausted his state remedies, dismissal is warranted on the additional ground that the claim is non-cognizable. To the extent Duncan may be complaining that prison authorities misapplied the security-classification regulation or violated

---

[4] TDOC placement and custody level classifications are "non-grievable through the grievance process," and "submitting a Classification Appeal is the only procedure required for a prisoner to exhaust the classification appeals process." *Owens v. Keeling*, 461 F.3d 763, 769, 771 (6th Cir. 2006). Even assuming Petitioner's alternative efforts—made through the grievance process—to try to get the false information corrected are relevant, he has not included as attachments to the Petition any responses he received to his October 2020 and April 2021 requests for correction, and he does not allege that no one responded to his inquires.

their policies by placing incorrect information in his files, the claim is based on a violation of state law.  The misapplication of state law, however, is not a basis for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Neither is Petitioner's challenge to his security classification.  It is well settled that a prisoner does not possess an "inherent constitutional right . . . to enjoy a particular security classification."  *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Moody v. Daggett,* 429 U.S. 78, 97 (1976), and *Montanye v. Haynes*, 427 U.S. 236, 242 (1976)).  Therefore, Duncan's challenge to his security classification is non-cognizable under § 2241.  *See Bazuaye v. Bogan*, 19 F.3d 18 (6th Cir. 1994) (table decision) (prisoner's "allegation that he was denied a minimum security classification" was not "a cognizable claim" under § 2241) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and *Newell v. Brown,* 981 F.2d 880, 883 (6th Cir. 1992)).

Furthermore, a lost opportunity to earn good time credits does not implicate the federal constitution.  In *Martin v. O'Brien*, 207 F. App'x 587 (6th Cir. 2006), the prisoner brought a § 2241 petition challenging, on substantive due process grounds, the decision by prison authorities to "not accept his high-school diploma earned through a correspondence course."  *Id.* at 589.  The petitioner asserted that the decision deprived him of, among other things, the opportunity to earn "additional good time credits" against his sentence.  *Id.*  The district court denied relief.  *Id.* at 588.  On appeal, the Sixth Circuit held that "prisoners have no liberty interest in opportunities to obtain good-time credits."  *Id.* at 589 (citing *Hansard v. Barrett,* 980 F.2d 1059, 1062 (6th Cir. 1992) ("The United States Supreme Court has held that inmates have no inherent constitutional right to good time credit.") (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).  The court therefore found that the petitioner had "failed to assert the existence of a constitutionally protected interest," and affirmed the district court's decision denying habeas relief.  *Id.* at 590; *see*

*also Pryor v. Smith*, No. 1:11-CV-739, 2011 WL 4036669, at *1 (W.D. Mich. Sept. 12, 2011) (dismissing state prisoner's § 2241 petition because the failure of prison authorities to award him eighty-four days of jail credit did "not implicate any federal constitutional right").

For these reasons, the claim and the Petition are **DISMISSED**. Judgment shall be entered for Respondent.

## APPEAL ISSUES

"[A] state prisoner incarcerated pursuant to a state conviction who seeks habeas relief under § 2241 must obtain a [certificate of appealability] before appealing" the district court's decision. *Greene v. Tenn. Dept. of Corr.*, 265 F.3d 369, 370 (6th Cir. 2001). A certificate of appealability ("COA") may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).  !

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[5]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 2, 2021

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.